The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  2:18-cr-00132-RAJ |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| JOHNNY DAVIS, | |
| Defendant. | |

This matter comes before the Court on Defendant Johnny Davis's motion for compassionate release.  Dkt. 949.  Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Davis is an inmate currently detained at Federal Correctional Institution Florence, with a projected release date of December 9, 2025.  On July 3, 2019, he entered a plea of guilty to one count of Conspiracy to Distribute Controlled Substances, a lesser-included offense of the offense charged in Count 1 of the Superseding Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846. Dkt. 558.  On March 6, 2020, this Court sentenced Mr. Davis to 60 months in custody, to be followed by four years of supervised release.  Dkt. 743.  Due to Mr. Davis's health

conditions and the coronavirus-19 (COVID-19) pandemic, the Court granted four motions filed by Mr. Davis to extend his self-surrender date to begin serving his sentence. Dkts. 795, 835, 873, 911.  Mr. Davis began serving his sentence in September 2021.  Mr. Davis now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to convert his remaining custodial time to be served on supervised release.  Dkt. 949.

## II. DISCUSSION

### A.    Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised.  As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons."  Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy

statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Davis's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A)

permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

### B.      Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Davis's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  On October 13, 2021, through counsel, Mr. Davis submitted a formal request for compassionate release to the warden of his facility.  On October 20, 2021, Warden Carter denied the request.  Dkt. 949, Ex. D.  Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Davis's motion is properly before the Court.

### C.      Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Davis's term of imprisonment.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Davis bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Davis argues that his constellation of medical conditions places him at high risk for life-threatening complications or death from COVID-19, which health conditions he states have increasingly worsened since his incarceration.  Specifically, Mr. Davis indicates he suffers from osteoarthritis, chronic hip and back pain, Graves' disease, hyperparathyroidism, obesity, stage 3B kidney disease, high blood pressure, depressive disorder, substance use disorder, and conjunctivitis in both eyes.  Dkt. 949.

In support of his motion, Mr. Davis also sets forth claims regarding the conditions of his confinement at FCI Florence which he argues place him at further risk of contracting the virus, highlighting the lack of timely COVID testing, failure to isolate

symptomatic prisoners and guards, and non-compliance with required masking protocols. Dkt. 949.

While the government acknowledges Mr. Davis suffers from various medical conditions, including some which may place him at higher risk should he contract COVID-19, the government indicates that he has been fully vaccinated, including a very recent third booster vaccination, which substantially decreases his risk, and that his health conditions are being managed by the Bureau of Prisons. The government argues that given his vaccination status and the fact the surge in cases due to the Omicron variant is significantly abating – a variant that in any event is less likely to cause severe illness, particularly in vaccinated individuals – Mr. Davis is not especially vulnerable to complications should he contract the virus. The government thus contends Mr. Davis has not presented "extraordinary and compelling reasons" to justify his release. Dkt. 974.

The Court agrees with the government that to a significant degree, Mr. Davis's receipt of the vaccination moots most if not all of his arguments about his vulnerability to COVID-19 and the Omicron variant. While no vaccination is 100% effective, it substantially reduces the likelihood of Mr. Davis contracting the virus. While concerns about contracting the virus are certainly understandable, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence." *See, United States v. Eberhart,* _ F. Supp. 3d_, 2020 WL 1450745 at *2 (N.D. Cal. 2020); *United States v. Standard,* 2020 WL 221948 (W.D. WA. May 7, 2020) and *United States v. Fuentes,* 2020 WL 1937398 (E.D. Ca. Apr. 2020.

The basis of Mr. Davis's motion is premised upon whether his special circumstances warrant compassionate release. During the earlier stages of the pandemic, the statistics and urgency for relief as requested were certainly more justified. But at this stage, the mere existence of COVID-19 is a general threat to every non-immune person in the country. The mere possibility that it may spread to a particular person at any moment in time does not independently justify compassionate release. *See, United States v. Raia,* 954 F.3d 594, 597 (3rd Cir. 2020).

1     While Mr. Davis has presented evidence of episodic delays in treatment, the Court
2  is not persuaded that his chronic conditions are not manageable.  A defendant's chronic
3  but manageable underlying medical conditions alone do not constitute "extraordinary and
4  compelling" circumstances, particularly since he has been vaccinated and received a
5  recent booster.  *United States v. Broadfield,* No. 20-2906, _F.4th _, 2021 WL 3076863, at
6  *2 (7th Cir. July 21, 2021).

7     The government has minimized the strength of Mr. Davis's request for
8  compassionate release primarily upon its references to the decisions of numerous courts,
9  including the Western District of Washington, concluding that the vaccine offers such
10  significant protection that the pandemic is not grounds for a reduction in sentence even
11  for inmates with medical conditions.  The Court will not restate the government's
12  arguments, nor its referenced citations, but directs the parties to Dkt. 974, pgs. 6-7.

13     The Court has considered Mr. Davis's reference to the list of cases granting early
14  release due to COVID-19 risks (Dkt. 949 at pgs. 21-22), but those cases were decided
15  during the peak of the virus and certainly before the availability of effective vaccines.  As
16  acknowledged by Mr. Davis, he essentially received a compassionate reporting date
17  which occurred after the vaccine became available.  The fact that he may face some risk
18  from COVID-19 and the Omicron variant is not compelling.  As observed by the
19  government, we all run the risk of catching the virus, and Mr. Davis faces that risk even if
20  he is released into the community.

21     The government does not contest that Mr. Davis suffers from a "laundry list" of
22  chronic ailments, some serious.  Dkt. 974, at 10.  But the Court is not convinced that Mr.
23  Davis cannot care for himself in his place of incarceration or that his medical conditions
24  are not manageable with the treatment provided by the BOP.  The medical records
25  evidence treatment by medical staff and prescribed medications to treat his conditions.
26  Recent medical records demonstrate that Mr. Davis has recently been evaluated and
27  efforts have been engaged to manage his conditions.  While the delays in his receipt of
28  certain diagnostic tests as quickly and frequently as he would desire are validated in the

ORDER - 6

record, there is no evidence that the treatment needs for his various concerns are being
ignored.  The Court affirms the government's assertion that if Mr. Davis's conditions
worsen in a significant manner, he is free to file another motion for compassionate
release or seek other relief based upon those facts and circumstances.  At this time,
however, the record does not support granting his motion for compassionate release.

### D.  Safety of Others

The Court next turns to whether Mr. Davis presents a danger to the safety of any
other person or to the community.  As noted above, while not bound by U.S.S.G.
§1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a)
factors in assessing whether a reduction in sentence is appropriate.

In making this determination, the Court looks to the nature and circumstances of
the underlying offense, the weight of evidence against him, his history and
characteristics, and the nature and seriousness of the danger his release would pose to any
person or the community.  18 U.S.C. §3142(g).  The Court may not reduce a defendant's
sentence unless it finds that "the defendant is not a danger to the safety of any other
person or to the community, as provided in 18 U.S.C. § 3142(g)."

Since the Court finds that Mr. Davis has failed to meet his burden of
demonstrating extraordinary and compelling reasons to warrant his release, there is no
reason to address this issue.  That being said, there is no evidence that Mr. Davis
currently presents a danger to the safety of any other person or to the community.  Had he
created such a concern, the Court would not have been willing to allowed his delayed
reporting to begin commencement of the service of his sentence.

### E.  Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Davis's compassionate release under 18
U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted
above as set forth under 18 U.S.C. § 3553(a).  These factors include the need for the
sentence imposed, the kinds of sentences available, promoting respect for the law,

providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner.  18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

In support of his request that the Court reweigh the § 3553(a) factors, Mr. Davis cites his positive performance on supervision both pretrial and during the extended time prior to his report date, his voluntary treatment for his substance abuse disorder and depression prior to his self-surrender, and his strong support system and family ties. Additionally, he argues that release to the community will allow him access to critical medical care that he is unable to obtain while incarcerated.  Dkt. 949.

The government counters that a reweighing of the § 3553(a) factors continues to support the 60-month sentence, highlighting Mr. Davis's decision to decline to provide a proffer in this matter.  This decision made Mr. Davis ineligible for the safety-valve adjustment and subjected him to a 60-month mandatory minimum sentence.  The government argues that a decision to grant immediate release for Mr. Davis would give rise to unwarranted sentencing disparities in this large multi-defendant drug conspiracy, particularly when Mr. Davis made the specific decision to not take advantage of the opportunity of a safety-valve adjustment.  Dkt. 974.  The Court agrees.

### III.  CONCLUSION

For the foregoing reasons, Defendant Johnny Davis's motion for compassionate release is **DENIED**.

DATED this 30th day of March, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER - 8